The opinion of the court was- delivered by

Mr. Justice Gcintt.

The question in this case respects the sufficiency and legality of the plea, which was put in by. the defendant.
If the pleajbe go&d in law, the plantiiPs should have replied'thereto; if bkd, the demurrer has been properly sustained.
There dan be no question but that the declaration in partition should allege and set forth that the .defendant ancl-ihe *391 •plaintiffs hold together and undivided the tenements respecting which partition is sought to be made; and that the portion which each is entitled to, should be distinctly set forth. The defendant may either confess the action and consent that partition may be made, or he may plead in bar. If he 'does Hot 'hold together with the plaintiffs; a right or title, such as has been set forth in the declaration, then he may plead in baryand the only correct plea in bar is “non tenent insimul;”'for it is said that every other plea in bar is tantamount to this. 2 S.ellon, 218; upon this plea issue may betaken and the parties proceed to trial, as in other cases. “Ibid.”
It follows very clearly, that as “ non tenent insimuPTs a good plea in bar in ah action for partition, and as defendant had pleaded this plea, the plaintiffs should have taken issue on the plea and not demurred thereto. The decision of the presiding judge in supporting the demurrer, is overruled.